UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SYLVESTER THOMAS, JR.,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-281-DRL-MGG

INDIANA STATE OF *et al.*,

    Defendants.

OPINION AND ORDER

Sylvester Thomas, Jr., who also refers to himself as GOD, is a prisoner without a lawyer and filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotations and citations omitted). Thus, a case can be dismissed without a response from the defendants when "the facts alleged in

the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Mr. Thomas alleges that he is being unlawfully held based on a conviction in 49G01-0902-MR-024145 that has been dismissed or discharged. He explains that he filed a motion to dismiss and a motion to discharge with the trial court. When the motions were not ruled upon, he filed a motion under Indiana Trial Rule 53.1 and ultimately, he believes this resulted in his case being dismissed and his sentence discharged. He alleges that the defendants conspired to take away his authority and freewill. He seeks the return of his "AUTHORITY, along with any and all pertaining to; or concerning be immediately given to him, where he may solely retain and maintain full custody and control forever." ECF 1 at 5. He seeks damages of 200 million dollars, plus an additional 100 billion dollars for each day he has been wrongfully detained.

To the extent Mr. Thomas is seeking his release from incarceration, that relief is not available. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

To the extent Mr. Thomas is seeking monetary damages based on his allegedly unlawful incarceration, he must plead that he was held beyond his out date without penological justification, and that the prolonged detention was the result of the defendants' "deliberate indifference." *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). In other words, the detainment must amount to calculated harassment unrelated to prison needs. *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013); *Whitman v. Nesic*, 368

2

F.3d 931, 934-35 (7th Cir. 2004).

Here, Mr. Thomas was sentenced to a sixty-year term of incarceration for murder. His conviction and sentence were upheld on appeal. *Thomas v. State*, 924 N.E.2d 678 (Ind. Ct. App. 2010). The Indiana Supreme Court denied transfer. *Thomas v. State*, 940 N.E.2d 820 (Ind. 2010). He challenged his conviction through post-conviction relief proceedings and was unsuccessful. *Indiana v. Thomas*, 49G01-0902-PC-024145. There is no public record of Mr. Thomas' conviction being discharged. Mr. Thomas may believe that his sentence has been discharged, but the public record contradicts that assertion. In light of the public record, Mr. Thomas cannot plausibly allege that his detainment resulted from deliberate indifference or amounted to calculated harassment.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary when the amendment would be futile. Such is the case here. Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it is factually frivolous and fails to state a claim.

SO ORDERED.

April 19, 2023            *s/ Damon R. Leichty*
                          Judge, United States District Court